PHILLIP A. TALBERT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-0325-DC |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: JANUARY 31, 2025 |
| ALEJANDRA SUSANA CASTILLO, | TIME: 9:30 A.M. |
| | COURT: HON. DENA COGGINS |
| Defendant. | |

## I.  INTRODUCTION

### A.  Scope of Agreement

The information in this case charges the defendant with a violation of 18 U.S.C. § 933(a)(1) - Conspiracy to Traffic in Firearms. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.  Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the information. The Court is under no obligation to accept any recommendations made by the

government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.    DEFENDANT'S OBLIGATIONS

### A.    Guilty Plea

The defendant will plead guilty to the sole count of the information. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.    Waiver of Indictment

The defendant acknowledges that under the United States Constitution she is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P. 7(b). She agrees to waive any and all rights she has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, she will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

### C. Sentencing Recommendation

The defendant and her counsel may recommend whatever sentence they deem appropriate.

### D. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if she fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, she agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

### E. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws her plea, or tries to withdraw her plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as

of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.     THE GOVERNMENT'S OBLIGATIONS

#### A.     No Additional Charges

In exchange for the defendant's guilty plea, the government agrees not to present charges to the Grand Jury related the firearms trafficking activities she and Co-Conspirator 1, engaged in during the timeframe alleged in the Information. Such charges could include: unlawful dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); selling a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d); interstate transportation of firearms, in violation of 18 U.S.C. § 926A; and straw purchasing of firearms, in violation of 18 U.S.C. § 932.

#### B.     Pending State Charges Related to a July 19, 2024 Incident in Tracy, CA

The defendant is also presently facing potential state charges for her possession of a semi-automatic rifle bearing serial number 24-0205 in Tracy, California on July 19, 2024.[1] As part of this plea agreement, the United States will expressly include this conduct in the factual basis and will

---

[1] The circumstances surrounding the defendant's possession of this firearm are further described in Attachment A.

recommend an additional two months above the low end of the applicable guideline range for her offense, as determined by the Court. The parties understand that, as part of the defendant's guilty plea in this case, the District Attorney's Office with jurisdiction over that offense will agree in a separate agreement not to file charges against the defendant related to her possession of the above-mentioned semi-automatic rifle on July 19, 2024.

C.     **Recommendations**

1.     Incarceration Range

The government will recommend that the defendant be sentenced to a term of incarceration equaling two months above the low end of the applicable guideline range for her offense, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

2.     Supervised Release

The government will recommend that the defendant be sentenced to a term of supervised release of three years.

3.     Other Aspects of Sentencing

The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

4.     Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if she clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

D.     **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or

Probation, and rebutting any inaccurate statements or arguments by the defendant, her attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to the sole count of the information, trafficking in firearms, in violation of 18 U.S.C. § 933(a)(1):

1. That the defendant knowingly shipped, transported, transferred, caused to be transported, or otherwise disposed of a firearm to another person;
2. That the shipment, transport, transfer, cause to be transported, or disposal of the firearm was in or otherwise affecting interstate or foreign commerce; and
3. That the defendant knew or had reasonable cause to believe that the use, carrying, or possession of a firearm would constitute a felony.

The defendant fully understands the nature and elements of the crime charged in the information to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty

The maximum sentence that the Court can impose is 15 years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release**

The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

### VI.   SENTENCING DETERMINATION

A. **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### VII.   WAIVERS

A. **Waiver of Constitutional Rights**

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on her behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

B. **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea/pleas, however, to give up the right to

appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

Notwithstanding the agreement in paragraph ~~Error! Reference source not found.~~ III.A [handwritten] (No Additional Charges) above that the government will not file additional charges related to the conduct identified in that paragraph, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

*[handwritten initials: ATK 1/31/2025; 1/31/25]*

### VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

[Signature page follows]

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 12/20/2024

Christina Sinha
Assistant Federal Defender
Counsel for Defendant

### B.   Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 12/20/24

ALEJANDRA SUSANA CASTILLO,
Defendant

### C.   Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 12/20/24

PHILLIP A. TALBERT
United States Attorney

By: ADRIAN T. KINSELLA
Assistant United States Attorney

# EXHIBIT A

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between August 22, 2023 and August 27, 2024, the defendant, Alejandra Susana Castillo, and Co-Conspirator 1 trafficked firearms by purchasing them in Nevada and selling them on the black market in California. Because Co-Conspirator 1 is a convicted felon and is not able to purchase the firearms himself, he entered into a criminal partnership with Castillo to purchase the firearms for him. In general, the two obtained firearms by traveling together to firearms dealers in Nevada, where Co-Conspirator 1 would enter the stores first, identify the firearms he wanted to Castillo via text message or other communications, and then exit the store. Castillo, who is not a prohibited person, would then enter the store and purchase the firearms Co-Conspirator 1 had selected, pretending they were for her. Once Castillo had the firearms, the two would then travel by car with the firearms back to California, where they would unlawfully sell them to individuals in illegal firearm deals conducted with people who could not lawfully purchase firearms through legitimate means. During this conspiracy, Co-Conspirator 1's possession of these firearms was itself unlawful because he was a convicted felon and the two also sold firearms to others they knew or had reason to know were prohibited from possessing firearms.

On July 27, 2024, Co-Conspirator 1 was driving a white Honda Pilot in the City of Pleasanton. The vehicle was registered to Castillo, ~~Co-Conspirator 1~~. An officer attempted to perform a traffic stop on Co-Conspirator 1's vehicle. Co-Conspirator 1 began to slow down, but then abruptly made a U-turn across multiple lanes of traffic and evaded the officer at speeds in excess of 100 miles per hour. The officer ultimately ended the pursuit for public safety concerns. The police subsequently obtained a seizure warrant for this vehicle. On July ~~19~~ 29, 2024, a Tracy Police Department officers observed this car parked at a gas station in Tracy. The officers detained Castillo, who was inside the gas station. During a search of the vehicle, the officer discovered a semi-automatic rifle bearing serial number 24-020508 in the trunk, along with three extended magazines. Despite the fact that Castillo had purchased the rifle in Nevada, she claimed not to know anything about the weapon. She also claimed not to know who evaded the police in her vehicle on July 27, 2024.

From August 22, 2023, to August 27, 2024, in furtherance of trafficking in firearms offense alleged in the sole count of the information, Castillo purchased the following firearms in Nevada:

| Date Purchased | Manufacturer | Model | Caliber | Serial Number |
|---|---|---|---|---|
| August 22, 2023 | Glock GMBH | 43X | 9mm | AHTA208 |
| October 11, 2023 | Glock GMBH | 43x | 9mm | CBMD301 |
| April 30, 2024 | Sig Sauer | P320 | 9mm | 58K240172 |
| May 16, 2024 | Century Arms Int. | Micro Draco | 7.62 x 39mm | 23PMD-45764 |
| May 16, 2024 | CZ | Scorpion Evo 3 Plus | 9mm | ZS016589 |
| May 24, 2024 | Century Arms | Micro Draco | 7.62 x 39mm | USD001554 |
| May 24, 2024 | Ruger | Ruger-57 | 5.7 x 28mm | 643-52972 |
| May 31, 2024 | Glock GMBH | 42 | .380 | AFWT805 |
| May 31, 2024 | Smith & Wesson | M&P 9 Shield Plus | 9mm | EFE8142 |
| June 15, 2024 | Glock GMBH | G27 | .40 | UDC511 |
| June 15, 2024 | Smith & Wesson | M&P 5.7 | 5.7x28mm | PJU9844 |
| June 18, 2024 | DPMS | ANVIL | 7.62 x 39mm | AV4700380 |
| June 25, 2024 | Smith & Wesson | M&P 40 Shield | .40 | HTM6542 |
| June 25, 2024 | Taurus | PT738 | .380 | 11181B |
| July 5, 2024 | Glock GMBH | 27 Gen 5 | .40 | BMLD175 |
| July 5, 2024 | Century Arms | Micro Draco | 7.62 x 39mm | USD001057 |
| July 16, 2024 | SCCY IND. LLC | CPX-2 | 9mm | C424355 |
| July 16, 2024 | Century Arms | Micro Draco | 7.62 x 39mm | 23PMD-45764 |
| July 16, 2024 | CZ | Scorpion Evo 3 Plus | 9mm | ZS016589 |
| July 16, 2024 | Glock GMBH | 29 | 10mm | CFZ233US |
| July 19, 2024 | Glock GMBH | 20 Gen 4 | 10mm | BLFC343 |
| July 23, 2024 | Radical Firearms | RF-15 | 5.56 x 45mm | 24-020508 |
| July 30, 2024 | SCCY IND. LLC | CPX-2 | 9mm | C424355 |
| August 2, 2024 | Smith & Wesson | M&P 57 | 5.7 x 28mm | PJM9642 |
| August 5, 2024 | Glock GMBH | 26 | 9mm | BTSP070 |
| August 5, 2024 | Glock GMBH | 27 | .40 | BVH118US |
| August 22, 2024 | Springfield Armory | Saint | 5.56 x 45mm | ST398130 |
| August 22, 2024 | Glock GMBH | 43x | 9mm | 11181B |
| August 27, 2024 | Smith & Wesson | M&P 2.0 | 9mm | NCL0470 |
| August 27, 2024 | Kahr | P40 | .40 | ZA2409 |

At least three of these firearms were recovered in connection with suspected firearm-related crimes. The Glock 43X 9mm handgun bearing serial number AHTA208 that Castillo purchased on August 22, 2023, was recovered by the Canada Border Services Agency. The Glock 20 10mm handgun was recovered by the California Highway Patrol in the possession of a felon in Vallejo on July 25, 2024, only three days after Castillo purchased the firearm in Nevada on July 22, 2024. The Century Arms Micro Draco pistol bearing serial number 23PMD-45764 was found discarded by a highway in San Ramon, California on July 30, 2024, 14 days after Castillo purchased it in Nevada on July 16, 2024.

On August 27, 2024, officers obtained federal search warrants for Co-Conspirator 1 and Castillo's persons, residence, and vehicles. That same day, officers intercepted Co-Conspirator 1 and Castillo on the highway as the two were traveling back to California from Nevada, where they had just

purchased last two firearms in the table above, as well as ammunition. During a search of Co-Conspirator 1 and Castillo's residence, officers discovered a loaded Smith and Wesson model SD40 VE .40 caliber pistol bearing serial number FZN5991, a loaded Kel-Tec Sub 2000 9mm carbine bearing serial number FGD459 with a high-capacity magazine inserted, and multiple rounds of assorted ammunition.

As part of this plea agreement, the defendant admits that she was willfully worked with Co-Conspirator 1 to acquire the above-mentioned firearms in Nevada, to transport them to California, and to sell them to others on the black market. She admits that she knew Co-Conspirator 1 was a felon and therefore that his possession of these firearms itself constituted a felony. She also stipulates that she knew or had reasonable cause to believe that she and Co-Conspirator 1 sold these firearms to people whose possession of them would constitute a felony, including because at least some of these people were felons or otherwise prohibited persons.

I, ALEJANDRA SUSANA CASTILLO, have read the Factual Basis for Plea and agree to the facts and stipulations contained therein.

Dated: 12/20/24

ALEJANDRA SUSANA CASTILLO,
Defendant