KIMBERLY A. SANCHEZ
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00325-DC |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING |
| v. | DATE: August 1, 2025 |
| ALEJANDRA SUSANA CASTILLO, | TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |
| Defendant. | |

I.   **INTRODUCTION**

This matter is set for a judgment and sentencing hearing on August 1, 2025. ECF No. 18. The PSR calculates the Total Offense Level at 28 and the defendant's criminal history at I, resulting in a guideline imprisonment range of 78 to 97 months. PSR ¶ 78, ECF No. 17. There are no pending formal objections. In accordance with its obligations under the plea agreement, the government must recommend a sentence at two months above the low end of the applicable guideline range. Plea agreement, ECF No. 13, at 4.[1] For the reasons set forth below, the United States recommends that this defendant be sentenced to 80 months of imprisonment and agrees with all remaining recommendations set forth in the PSR.

---

[1] This two-month addition to the applicable low-end guideline sentence was specifically bargained for by the parties to account for globally resolving the defendant's then pending state charge related to her unlawful possession of an assault weapon in Tracy, California, on July 19, 2024. Plea agreement at 4-5.

## II. FACTUAL HISTORY

The ATF began investigating Castillo in July 2024 after a firearm she had purchased was recovered by law enforcement in Canada. PSR ¶ 6. Further investigation revealed that Castillo, a California resident, was purchasing a suspicious number of firearms in Nevada, and trafficking those firearms in California with her then boyfriend, Reuben Paul Phill, who was then on federal probation for a prior gun case. Because Phill could not buy the firearms himself, he would pick them out in advance, and then Castillo would buy them in multiple straw purchases.

 

FIGURE 1: LEFT: PHILL PICKING OUT FIREARMS AT A GUN STORE IN NEVADA; RIGHT: CASTILLO STRAW PURCHASING GUNS FOR PHILL.

The above screenshots from the surveillance cameras of a gun store in Nevada demonstrate how Phill and Castillo would routinely work together to illegally obtain the firearms they would later sell on the streets in California.

On July 28, 2024, Phill led Tracy Police Department officers on a high-speed chase. The officers eventually called off the chase for public safety reasons and entered a BOLO for the vehicle. Pleasanton Police officers observed Castillo with the vehicle the following day at a gas station. A search resulted in the discovery of an automatic rifle with three extended magazines in the trunk. Even though Castillo bought the firearm in Nevada six days earlier (on July 23, 2024), she claimed not to know anything about the firearm.



FIGURE 2: A RADICAL ARMS MODEL RF-15 5.56X45MM CALIBER RIFLE BEARING SERIAL NUMBER 24-020508, DISCOVERED IN CASTILLO'S CAR THE DAY AFTER PHILL FLED FROM POLICE DURING A HIGH-SPEED CHASE ON JULY 28, 2024.

In total, ATF agents traced more than 30 firearms to this firearm trafficking scheme. At least four of these firearms have since been recovered in connection with suspected firearm-related crimes. In one example, police recovered a firearm possessed by a felon in Vallejo on July 25, 2024, only three days after Castillo bought the gun in Nevada.

### III.    SECTION 3553(A) FACTORS

18 U.S.C. § 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. *See United States v. Booker*, 543 U.S. 220 (2005). In this case, these factors indicate that a guideline sentence of 80 months is sufficient, but not greater than necessary, to achieve the goals of sentencing. See *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

The key 3553(a) factors here are the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1), the need for the sentencing goals to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, § 3553(a)(2)(A), and the need to provide adequate deterrence to criminal conduct, § 3553(a)(2).

As to the nature and circumstances of the offense, this is a serious offense that greatly endangered the community. Castillo purchased over 30 firearms in this case. She knew Phill could not be around firearms because he was a federal probation, and her house was listed as his residence with the U.S. Probation Office. Only four of these firearms have since been recovered. The conduct Castillo engaged in is one of the primary ways firearms end up in the hands of criminals. There is no telling what harm has been or may yet be done using the remaining firearms. The uncontested guidelines in this case reflect the seriousness of this offense.

As to the history and characteristics of the defendant, it is surprising that a defendant with no prior criminal history would commit such a serious crime as her first offense. She allowed her minor children to be at home, unattended, around loaded firearms. She allowed Phill to sit in the back seat with her infant (not wearing a seat belt), also around firearms. She continued to engage in this conduct even after getting caught by police with one of the firearms in her car on July 19, 2024.

To her credit, Ms. Castillo immediately accepted responsibility and worked with the government to resolve her case. Hopefully this will be her only encounter with the criminal justice system, but it is concerning that her first encounter was so serious and prolonged.

Finally, a guideline sentence will serve the need to provide adequate deterrence to criminal conduct both to the defendant and to other would-be traffickers from selling firearms to prohibited persons.

### IV.     CONCLUSION

For the reasons set forth above, the Court should follow the Probation Office's recommendation and sentence the defendant to 80 months in prison and follow the remaining recommendations in the PSR.

Dated: July 25, 2025

KIMBERLY A. SANCHEZ
Acting United States Attorney

By: /s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney